HENRY C. THIBODEAUX *v.* ALEXANDER THOMASSON, and others.

APPEAL from a judgment of the District Court of Lafourche Interior, *Nicholls*, J.

*Miles Taylor*, for the plaintiff.

*Ilsley*, for the appellant.

MARTIN, J. One of the defendants, St. Clair Thomasson, is appellant from a judgment by which the sale of certain property, which he claims, has been declared to be simulated, null, and void, as to the plaintiff, and a half lot and certain slaves therein mentioned, have been ordered to be seized and sold to satisfy a judgment obtained against Alexander Thomasson by the plaintiff. The facts of this case are recorded at full length in a judgment delivered in March, 1841, between the plaintiff and certain co-defendants of the appellant See 17 La. 353.

His counsel has urged: *First*, That the sale of the half lot by Alexander Thomasson to his sisters, was made long before the origin of the plaintiff's claim against him; that it was by an authentic act, and that the delivery took place *brevi manu*, the vendees dwelling on the premises.

*Second*, That the vendor was not suffered to remain in corporal

possession of the premises, nor to occupy them under a precarious title.

*Third,* That anterior creditors might attack the sale, but that posterior ones must bring themselves clearly within the articles of the Civil Code.

The case was tried by a jury, who brought in a verdict against the present appellant, who made no attempt to obtain a new trial. On a close examination of the evidence, we are unable to discover any thing which authorizes us to disturb the verdict. The sisters of the vendor, his vendees, were on a visit to him on the premises, when the act of sale was executed. They do not appear to have remained long with him afterwards, nor ever to have interfered with the premises. Their vendee, the present appellant, does not appear ever to have taken possession. There is, however, some evidence of his having sought to lease or sell the premises ; but to this part of the testimony, the jury does not appear to have given any credit. A. Thomasson, the original owner, does not appear ever to have quitted the possession of the premises, or to have ceased to exercise complete ownership over them. The slave was contracted for and paid for by A. Thomasson; although the bill of sale for her was taken in the name of his sister. The slave was in his possession sometime before the sale, and he does not appear to have ceased to possess her. ' Neither his sister, nor the present appellant, her vendee, have ever interfered with the slave or her issue. The questions of law, which the present appellant has urged, were considered and disposed of, when this case was before us between the plaintiff and some of the co-defendants of the appellant.

*Judgment affirmed.*